FILED
CLERK, U.S. DISTRICT COURT

SEPT 28, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____vdr_____ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RIVERA, | CASE NO. CV 15-7460-FMO (PJWx) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REMANDING CASE TO SUPERIOR COURT |
| v. | |
| SHANA LEI BRANTLEY, DOES 1 to 10, | |
| Defendants. | |

Before the Court is Defendant Shana Lei Brantley's motion to proceed *in forma pauperis* ("IFP"). For the following reasons, the motion is denied and the action is remanded to the Los Angeles County Superior Court.

On September 23, 2015, Defendant, proceeding *pro se*, lodged a Notice of Removal, accompanied by a request to proceed IFP, attempting to remove this unlawful detainer action from state court. The Court has denied the IFP application under separate cover. To prevent the action from remaining in jurisdictional limbo, however, the Court also issues this Order, remanding the action to the Superior Court.

Simply stated, because Plaintiff could not have brought this action in federal court in the first place, there is no basis for removal. To the extent that Defendant is seeking to federalize this

case by raising federal claims in her defense, she cannot do so.  The Court considers only the claims raised in the Complaint to determine whether there is federal jurisdiction and does not take into account any federal defenses or counterclaims Defendant did or could have raised.  *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (explaining federal questions must be disclosed on the face of the complaint as a defendant's reply is not a basis for federal jurisdiction); *Moore-Thomas v. Alaska Airlines*, *Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (explaining federal law defense does not create federal jurisdiction if the complaint on its face does not present federal question).

Plaintiff's unlawful detainer action does not raise a federal question.  *See* 28 U.S.C. §§ 1332, 1441(b).  Further, even assuming that Plaintiff and Defendants are from different states, the amount in controversy is only $1,311, well below the $75,000 threshold for diversity cases.  *See* 28 U.S.C. §§ 1332, 1441(b).

Because there is obviously no federal jurisdiction over this case, removal is improper and the case is, therefore, subject to remand.  28 U.S.C. § 1441(a); *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

Accordingly, IT IS ORDERED that: (1) this matter is REMANDED to the Superior Court of California, Los Angeles County, 12720 Norwalk Blvd., Norwalk, California, 90650, (2) the clerk send a certified

```
copy of this Order to the Superior Court, and (3) the Clerk serve
copies of this Order on the parties.
     IT IS SO ORDERED.
     DATED: September 28, 2015


                                         /s/
                                    FERNANDO M. OLGUIN
                                    UNITED STATES DISTRICT JUDGE
```

Presented by:

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\Vdelrio\AppData\Local\Temp\notesC7A056\IFP. denial.removal.unlawful detainer Rivera v Brantley.wpd

3